IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  1:18-cv-3291-RM-STV

ROBERT PROVENCHER,

        Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION d/b/a US Bank,

        Defendant.

---

## DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S UNOPPOSED MOTION TO RESTRICT ACCESS

---

Defendant U.S. Bank National Association, d/b/a U.S. Bank ("Defendant" or "U.S. Bank"), by its attorneys, under D.C.COLO.LCiv.R 7.2, respectfully requests that the Court impose Level 1 restrictions on eleven (11) exhibits filed in support of its motion seeking summary judgment, Docket No 52. In further support of this Motion, U.S. Bank states as follows:

1.      This Motion relates to U.S. Bank's Motion for Summary Judgement ("Summary Judgment Motion"), which U.S. Bank hereby incorporates by reference under Rule 10(c) of the Federal Rules of Civil Procedure. Docket No. 50.

2.      In his Complaint, Plaintiff Robert Provencher, who was a former Private Wealth Consultant in U.S. Bank's Denver, Colorado Office, brought claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), wrongful termination under Colorado's public policy exception, and violations of the Colorado Wage Claim Act.

3.      In support of the Summary Judgment Motion, U.S. Bank submitted a number of confidential and/or proprietary documents scattered throughout eleven (11) exhibits, Docket No. 52.

4.      The exhibits, including the deposition transcripts, contain highly confidential internal U.S. Bank information, Personally Identifiable Information ("PII") of U.S. Bank employees (including birth years), and U.S. Bank's client information.

5.      "A party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) it must identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) it must identify a clear injury that would result if access is not restricted; and (4) it must explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate." *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 970 F. Supp. 2d 1162, 1191 (D. Colo. 2013) (citing Local Rule 7.2(B)(1)-(4)).

6.      This Motion requests that Docket No. 52 be designated as "Restricted Documents, Level 1."

7.      These documents include the following:

| Document | Confidential Information |
|---|---|
| Exhibit 2, Mario Plazola Dep. and Exhibits, Doc. No. 52 | Dep.—U.S. Bank's client information<br>Exhibit A—Confidential investigation documents, which include client names, account numbers, and sales value amounts for those sales involved in the investigation, as well as emails from clients, financial statements from Mr. Provencher's country club, private email and social media accounts for Mr. Markley and Mr. Provencher, other confidential communications from U.S. Bank including copies of checks from Mr. Markley, Mr. Provencher, and Mr. Crittendon<br>Exhibit B—Confidential investigation document, including client names |

| | |
|---|---|
| | Exhibit C—U.S. Bank Confidential Internal Policies for investigating "Sales Misconduct Procedure Guide." Exhibit 43—confidential email communication, including private email addresses, and an internal "Fraud Investigative Referral Form" |
| Exhibit 3,  Robert Provencher's Dep. and Exhibits, Doc. No. 52-1 | Dep.—U.S. Bank's client information, Mr. Provencher's date of birth Exhibit 5—Confidential U.S. Bank internal communication regarding Mr. Provencher's ethics violation |
| Exhibit 4, Alison Hach Dep. and Exhibits, Doc. No. 52-2 | Dep.—U.S. Bank client names Exhibit 1—U.S. Bank client names Exhibit 3—Confidential U.S. Bank internal document providing the performer/payment schedule for particular employees Exhibit 4—internal email communications including private email addresses, and internal spreadsheet which contains U.S. Bank client names and account numbers Exhibit 5—Confidential U.S. Bank internal communication regarding Mr. Markley's ethics violation Exhibit 18—Confidential email communication with the Fraud Investigations Unit's findings regarding Mr. Provencher's misconduct |
| Exhibit 5, Michael Ott's Dep. and Exhibits, Doc. No. 52-3 | Dep.—U.S. Bank client names Exhibit 3—Confidential U.S. Bank internal document providing the performer/payment schedule for particular employees Exhibit 4—internal email communications including private email addresses, and internal spreadsheet which contains U.S. Bank client names and account numbers Exhibit 30—Confidential email communication regarding a sales audit and also contains private email addresses Exhibit 38—Confidential email communication regarding termination of employees, which contains private email addresses |
| Exhibit 6, Tiffani Boskovich Dep. and Exhibits, Doc. No. 52-4 | Dep.—U.S. Bank client names Exhibit 4—internal email communications including private email addresses, and internal spreadsheet which contains U.S. Bank client names and account numbers |
| Exhibit 7, Renee Santanni Dep. and Exhibits, Doc. No. 52-5 | Dep. –Ms. Santanni's birth year, U.S. Bank client names Exhibit 52—internal email communications including private email addresses Exhibit 58—Confidential email communication including internal U.S. Bank Fraud Investigation Form |
| Exhibit 9, Darren Markley Dep. and Exhibits, Doc. No. 52-6 | Dep.— U.S. Bank client names Exhibit 73—Confidential email communications, including client names, and screenshot of a client's account |

| | Exhibit 74—internal communication with private email addresses<br>Exhibit 75—Confidential spreadsheet sent to Mr. Markley to fill in, which includes client names and accounts<br>Exhibit 76—private email communication with Confidential spreadsheet returned by Mr. Markley, which includes client names and accounts<br>Exhibit 77-- Confidential spreadsheet returned by Mr. Markley, which includes client names and accounts<br>Final Fraud Investigation Memo-- Confidential Fraud Investigations Unit's findings regarding Mr. Provencher's misconduct |
|---|---|
| Exhibit 10, Declaration of Jeff Wahl, Doc. No. 52-7 | Exhibit 1—Confidential email communication with the Fraud Investigations Unit's findings regarding Mr. Provencher's misconduct |
| Exhibit 14, Declaration of Jodi Richards, Doc. No. 52-8 | Declaration—Ms. Richard's birth year<br>Exhibit 1—Confidential email communication with the Fraud Investigations Unit's findings regarding Mr. Markley's misconduct |
| Exhibit 15, Declaration of Katie Lawler, Doc. No. 52-9 | Declaration—Ms. Lawler's birth year<br>Exhibit 1—Confidential email communication with the Fraud Investigations Unit's findings regarding Mr. Markley's misconduct |
| Exhibit 16, Declaration of Justin Windschitl, Doc. No. 52-10 | Exhibit 1—Confidential email communication with the Fraud Investigations Unit's findings regarding Mr. Markley's misconduct |

8.      "[A]ccess to [certain documents] may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *See W. Convenience Stores, Inc.*, 970 F. Supp. 2d at 1191 (citing *United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir.1997)).

9.      Here, Defendant's does not ask that any argument in its Motion for Summary Judgment or any fact in its Statement of Undisputed Facts be restricted. Instead, U.S. Bank seeks to restrict public access to highly confidential bank documents regarding client accounts, information about specific private wealth clients, and the PII of U.S. Bank employees—employees whose names are made public in the Motion for Summary Judgment.

10.     It is important for U.S. Bank to restrict access to this information in order to protect its confidential and proprietary information, the confidential information of its clients, including

that they are, in fact, clients of the Private Wealth Management group at U. S. Bank, and the confidential information of its employees, like birth years.

11.     U.S. Bank, its employees, and its clients would be harmed by having this private information made public.

12.     U.S. Bank would suffer because its confidential and proprietary documents about compensation plans and fraud investigation would be available to the public, opening it up to both internal and external queries regarding confidential issues far beyond the scope of this case.

13.     The U.S. Bank employees involved in this case would suffer because their PII would be open to public consumption, and available to those individuals who may seek to use it to commit identify fraud or other illicit acts.

14.     U.S. Bank's clients would suffer a serious invasion of privacy because private information about the financial institution with which they choose to work and the types of financial products they have pursued or purchased would be available to the public.

15.      "[A]lthough the public has a strong interest in reviewing the arguments and evidence presented to the Court, the precise" client information, client names, and PII of individual bank employees is "of relatively little significance in evaluating the Court's reasoning here." *W. Convenience Stores, Inc.*, 970 F. Supp. 2d at 1192.

16.     The Court may say that a U.S. Bank employee is within or outside a protected group without providing that employee's exact birth year, and may evaluate the investigation into Mr. Provencher's sales misconduct (the reason for his termination) without disclosing the names of the clients' accounts reviewed in that investigation or the client data that was reviewed. *See id.*

17.     Moreover, restrictions of the entirety of this set of documents is the only practicable way to protect the information contained therein.

18.     The documents cannot simply be redacted because the Court needs the opportunity to review the confidential information itself to confirm the facts provided in Defendant's Motion for Summary Judgment; for example, the contents of the confidential investigation demonstrates that the investigation was conducted independently without any discriminatory animus, as do providing the exact ages (over 40 years old) of those employees involved in the decision to terminate Plaintiff.

19.     Defendant, through its attorneys, communicated with Mr. Provencher's counsel on February 9, 2021 by electronic mail and confirmed that Plaintiff did not oppose this motion.

Respectfully submitted this 19th day of February, 2021.

*s/ Danielle L . Kitson*
Danielle L. Kitson
Kelsey A. VanOverloop
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Facsimile:  303.629.0200
Email: dkitson@littler.com
            kvanoverloop@littler.com

*Attorneys for Defendant U.S. Bank National Association d/b/a US Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2021, I electronically filed

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S UNOPPOSED MOTION TO**

**RESTRICT ACCESS** with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to the following:

Madeline A. Collison, Esq.
Sweeney & Bechtold, LLC
650 S. Cherry Street, Suite 700
Denver, CO 80246
macollison@sweeneybechtold.com
*Attorneys for Plaintiff*

> *s/Danielle L. Kitson*
> Danielle L. Kitson

4841-9139-2733.1 021035.4151