UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-3291-RM-STV

ROBERT PROVENCHER,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, d/b/a US BANK,

    Defendant.

---

**PLAINTIFF'S UNOPPOSED MOTION TO RESTRICT ACCESS**

---

Plaintiff, by and through his attorney, Madeline A. Collison of Sweeney & Bechtold, LLC, pursuant to D.C.COLO.LCivR 7.2, respectfully requests that this Court impose Level 1 restrictions on twenty-six (26) exhibits filed in support of Plaintiff's Response to Defendant's Motion for Summary Judgment. Docket Nos. 61-63.  In further support of this Motion, Plaintiff states as follows:

    1.    Defendant filed its Motion for Summary Judgment on February 8, 2021. Docket No. 50. In support of its Motion for Summary Judgment, U.S. Bank submitted a number of confidential and/or proprietary documents scattered throughout eleven (11) exhibits, Docket No. 52.

    2.    Plaintiff filed his Response to Motion for Summary Judgment on February 26, 2021. Docket No. 61.  In his Response to the Motion for Summary Judgment, Plaintiff submitted

twenty-six (26) exhibits containing confidential and/or proprietary documents scattered throughout the exhibits. Docket No. 63.

3. The exhibits, including deposition transcripts, contain confidential U.S. Bank information including Personally Identifiable Information ("PII") of U.S. Bank employees (including birth years) and U.S. Bank client information (including client names and sales values of transactions at issue in this case).

4. "A party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) it must identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) it must identify a clear injury that would result if access is not restricted; and (4) it must explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate." W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc., 970 F. Supp. 2d 1162, 1191 (D. Colo. 2013) (citing Local Rule 7.2(B)(1)-(4)).

5. This Motion requests that Docket No. 63 be designated as "Restricted Documents, Level 1."

6. These documents include the following:

| Document | Confidential Information |
| --- | --- |
| Exhibit A (Docket 63), Mary Martuscelli Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit B (Docket 63-1) Renee Santanni Dep. | U.S. Bank's client information and US Bank employee information. |

| | |
|---|---|
| Exhibit C (Docket 63-2), WMC Compensation Plan | U.S. Bank confidential compensation plan. |
| Exhibit D (Docket 63-3), Darren Markley Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit E (Docket 63-4), Robert Provencher's Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit F (Docket 63-5), Mike Ott Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit H (Docket 63-6), Jeff Wahl Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit I (Docket 63-7), Email dated 12/18/2017 | Confidential email communication, including private email addresses and U.S. Bank client information. |
| Exhibit J (Docket 63-8), Investigation Spreadsheet | U.S. Bank's client information and US Bank employee information. |
| Exhibit K (Docket 63-9), Markley Email dated 2/7/2018 | Confidential email communication, including private email addresses and containing confidential client information and bank employee information. |
| Exhibit M (Docket 63-10), US Bank Sales Misconduct Guide | U.S. Bank confidential policies for investigating sales misconduct. |
| Exhibit N (Docket 63-11), David Crittendon Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit O (Docket 63-12), Mario Plazola Dep. | U.S. Bank's client information and US Bank employee information. |

| | |
|---|---|
| Exhibit P (Docket 63-13), Plazola Interview List | US Bank employee information. |
| Exhibit Q (Docket 63-14), Plazola Email dated 2/22/2018. | Confidential email communication, including private email addresses and containing confidential client information and bank employee information. |
| Exhibit R (Docket 63-15), Plazola Interview Notes | U.S. Bank's client information and US Bank employee information. |
| Exhibit S (Docket 63-16), Plazola Interview Notes | U.S. Bank's client information and US Bank employee information. |
| Exhibit T (Docket 63-17), Susie Roh Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit U (Docket 63-18), Mike Ott Notes | U.S. Bank's client information and US Bank employee information. |
| Exhibit V (Docket 63-19), Tiffani Boskovich Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit W (Docket 63-20), Zach Nicol Dep. | U.S. Bank's client information and US Bank employee information. |
| Exhibit X (Docket 63-21), Hach Email with investigative report | Confidential email communication, including private email addresses and containing confidential U.S. Bank client information and bank employee information. |
| Exhibit Z (Docket 63-22), Provencher performance reviews | US Bank employee information. |
| Exhibit AA (Docket 63-23), Def.'s Responses to Discovery | U.S. Bank's client information and US Bank employee information. |
| Exhibit BB (Docket 63-24), Plazola Interview Notes | U.S. Bank's client information and US Bank employee information. |

4

| | |
|---|---|
| Exhibit CC (Docket 63-25), Plazola Interview Notes | U.S. Bank's client information and US Bank employee information. |

7. "[A]ccess to [certain documents] may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *See W. Convenience Stores, Inc.*, 970 F. Supp. 2d at 1191 (citing *United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir.1997)).

8. Here, Plaintiff does not ask that any argument in his Response to Defendant's Motion for Summary Judgment or any fact in Plaintiff's Statement of Undisputed Facts be restricted. Instead, Plaintiff seeks to restrict public access to confidential bank documents regarding client accounts, information about specific private wealth clients, and the PII of U.S. Bank employees—employees whose names are made public in the Motion for Summary Judgment.

9. Plaintiff recognizes that it is important to restrict access to this information in order to protect U.S. Bank's confidential and proprietary information, the confidential information of its clients, including that they are, in fact, clients of the Private Wealth Management group at U. S. Bank, and the confidential information of its employees, like birth years.

10. Plaintiff recognizes that U.S. Bank, its employees, and its clients would be harmed by having this private information made public.

11. Plaintiff recognizes that U.S. Bank would suffer because its confidential and proprietary documents about compensation plans and fraud investigation would be available to the public, opening it up to both internal and external queries regarding confidential issues beyond the scope of this case.

12. "[A]lthough the public has a strong interest in reviewing the arguments and evidence presented to the Court, the precise" client information, client names, and PII of individual bank employees is "of relatively little significance in evaluating the Court's reasoning here." *W. Convenience Stores, Inc.*, 970 F. Supp. 2d at 1192.

13. Moreover, restrictions of the entirety of this set of documents is the only practicable way to protect the information contained therein.

14. The documents cannot simply be redacted because the Court needs the opportunity to review the confidential information itself to confirm the facts provided in Plaintiff's Response to Defendant's Motion for Summary Judgment.

15. Plaintiff intends that this restriction apply only to his Response to the Motion for Summary Judgment.

16. **D.C.COLO.LCivR 7.1(a) Certification**: Plaintiff, through his attorneys, communicated with Defendant's counsel on March 9, 2021 by electronic mail and confirmed that Defendant does not oppose this motion.

Wherefore, Plaintiff respectfully moves for an Order to restrict access to Docket 63, the twenty-six exhibits containing confidential information attached to Plaintiff's Response to the Defendant's Motion for Summary Judgment.

Respectfully submitted March 11, 2021.

By:   SWEENEY & BECHTOLD, LLC

*s/Madeline A. Collison*
Madeline A. Collison

650 S. Cherry Street, Suite 700
Denver, CO 80246
(303) 865-3733
macollison@sweeneybechtold.com

Attorney for Plaintiff

CERTIFICATE OF SERVICE

       I hereby certify that on March 11, 2021, a true and correct copy of the foregoing was served on the following via CM/ECF:

       Danielle L. Kitson, Esq.
       Littler Mendelson, P.C.
       1900 Sixteenth Street, Suite 800
       Denver, CO 80202
       Telephone: 303-629-6200
       Facsimile: 303-629-0200
       DKitson@littler.com

       Attorneys for Defendant

       *s/ Madeline Collison*